UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLANDO DIAZ,

                         Plaintiff,

            -against-

DEPARTMENT OF MOTOR VEHICLES; U
HAUL TRUCK RENTAL,

                         Defendants.

26-CV-0276 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On March 6, 2026, the Court dismissed the complaint due to Plaintiff's failure to respond to an order directing him to submit an amended application to proceed *in forma pauperis* (IFP)—that is, without prepayment of fees—showing that he is unable to afford the filing fees for this action. On April 17, 2026, Plaintiff filed an untimely notice of appeal (ECF No. 7), a notice for an extension of time to file a notice of appeal in which he provides no reason or excuse for not timely filing a notice of appeal (ECF No. 8), an amended IFP application in which he again does not provide facts showing that he is unable to afford the filing fees (ECF No. 9), and a notice of motion in which he fails to specify the relief that he seeks or the order for which he seeks reconsideration. (ECF No. 12).

The Court liberally construes these submissions as: (1) a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, and (2) a motion for an extension of time to file an appeal. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant

understands what is required of him[.]" (citations omitted)). After reviewing Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

**A.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's submissions, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. For instance, in his amended IFP application, Plaintiff fails to answer the questions concerning the amount of money that he has in a checking or savings account and concerning any valuable property that he may own. Relatedly, Plaintiff filed a notice of motion, but in that notice, he does not request any relief. In short, Plaintiff provides no reason for the Court to grant him relief from the order dated March 6, 2026. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses

(1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.      Motion for extension of time to file appeal**

On April 17, 2026, Plaintiff also filed a motion for an extension of time to file a notice appeal. The motion form that Plaintiff used includes a field directing the movant to describe "the excusable neglect of good cause that led to [Plaintiff's] failure to file a timely notice of appeal," but Plaintiff did not write anything in that field.

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a plaintiff moves for an extension within thirty days of the expiration of the time to file notice of appeal, and shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, the Court entered judgment on March 6, 2026, and Plaintiff filed his motion for an extension of time to file a notice of appeal on April 17, 2026. The Court therefore has jurisdiction to consider Plaintiff's motion. The Court must nevertheless deny Plaintiff's motion because he fails to include any facts from which the Court can infer that he failed to file a timely notice of

appeal due to his excusable neglect or for other good cause. As stated, Plaintiff provides no reason whatsoever that he filed an untimely notice of appeal. The Court must therefore deny Plaintiff's motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Court denies Plaintiff's motion for relief under Rule 60(b) and for an extension of time to file an appeal. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge

4